UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                                            Case No. 11-20606

D-1 Gregg Blaney  and                        Honorable Sean F. Cox
D-2 Jerald Payton,

      Defendants.

_____/

**OPINION & ORDER
ON DEFENDANTS' PRETRIAL MOTIONS**

The Indictment in this case charges Defendant Gregg Blaney ("Blaney") and Defendant

Jerald Payton ("Payton") with three counts: 1) conspiracy to commit bank fraud, in violation of

18 U.S.C. § 1349 (Count One); 2) bank fraud, in violation of 18 U.S.C. § 1344 (Count Two); and

3) bank fraud, in violation of 18 U.S.C. § 1344 (Count Three).

The Indictment alleges that "Chase Bank USA N.A. ('Chase') was and is a financial

institution insured by the Federal Deposit Insurance Corporation, and Washington Mutual Bank

('Washington Mutual') was a financial institution insured by the Federal Deposit Insurance

Corporation."  (Indictment at ¶ 5).  Count Three of the Indictment alleges that Defendants

induced Washington Mutual to approve and fund a mortgage loan for property located at 4001

Buckingham Avenue in Detroit, Michigan, based on materially false representations and

omissions.

The matter is currently before the Court on several pretrial motions filed by Defendants, which are all be heard by the Court on January 13, 2012. For the reasons set forth below, the Court shall: 1) deny as moot Defendants' Motion for Additional Discovery and Motion for Additional Time to File Motions in Limine; 2) deny Defendant Blaney's Motion for Bill of Particulars; and 3) deny Defendant Blaney's Motion to Dismiss Count Three of the Indictment.

**A.   Motion For Additional Discovery And Motion For Additional Time To File Motions In Limine.**

Defendant Blaney filed a "Motion for Additional Discovery" (Docket Entry No. 27), wherein he asks the Court to order the Government to produce a preliminary Government Witness and Exhibit List. Defendant Payton filed a notice indicating that he joins in this motion. (Docket Entry No. 32). In response, the Government states that while it has no duty to disclose its witness or exhibit lists prior to trial, it does not oppose producing witness and exhibit lists in this matter before trial. It proposes that the parties exchange witness and exhibit lists ten days prior to trial.

Believing that this Court's October 25, 2011 Order setting a December 1, 2011 deadline for filing pretrial motions applies to motions in limine, Defendant Blaney also filed a motion seeking permission to file motions in limine up to the time of trial. (Docket Entry No. 30). Blaney states that discovery is still ongoing and that he does not yet know what motions in limine he may need to file.

As explained on the record at the hearing, this Court's standard procedure is to issue a Trial Order at the final pretrial conference that contains a date for the parties to exchange witness and exhibit lists, and a date for the filing of motions in limine. The Court intends to follow that same procedure here. As such, these motion shall be denied as moot.

**B.      Blaney's Motion For Bill Of Particulars**

Defendant Blaney filed a Motion for Bill of Particulars.  This motion is brought under

FED. R. CRIM. P. 7(f), which provides, in pertinent part:

> (f) Bill of Particulars.  The court may direct the government to file a bill of
> particulars.  The defendant may move for a bill of particulars before or within 10
> days after arraignment or at a later time if the court permits.  The government
> may amend a bill of particulars subject to such conditions as justice requires.

FED. R. CRIM. P. 7(f).

As the parties recognize in their briefs, it is well established that a motion for a bill of

particulars lies within the sound discretion of the trial court.  *United States v. Kendall*, 665 F.2d

126, 134 (6th Cir. 1981).

The Sixth Circuit has held that there are three primary purposes served by a bill of

particulars: 1) to apprise the defendant of the crime charged with sufficient particularity to

enable him to prepare a proper defense; 2) to avoid prejudicial surprise at trial; and 3) to enable

the defendant to plead his acquittal or conviction as a bar to later prosecution for the same

offense.  *See United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993); *United States v.

Vassar*, 2009 WL 2959290, *3 (6th Cir. Sept. 16, 2009).

A bill of particulars, however, "is not meant as a tool for the defense to obtain detailed

disclosure of all evidence held by the government before trial."  *United States v. Crayton*, 357

F.3d 560, 568 (6th Cir. 2004) (internal quotation marks and citation omitted).  In particular, the

government need not furnish the names of all alleged co-conspirators in an indictment.  *Id.*  Nor

may a bill of particulars be employed to compel the Government to provide the essential facts

regarding the existence and formation of a conspiracy, including the overt acts which it intends

to prove.  *See Salisbury*, 983 F.2d at 1375.

In the instant case, the indictment against the Defendant adequately sets forth the elements of the offenses the Defendant is charged with, the time and place of the Defendant's allegedly illegal conduct, and a citation to the relevant statutes  Nothing more is required.  *See, e.g., United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (bill of particulars properly denied where indictment set forth object of conspiracy, relevant time period, and cited proper statute).

Furthermore, the Government has made extensive pretrial disclosures to the Defendant in this matter.  Full discovery obviates the need for a bill of particulars.  *See, e.g., United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003), cert denied, 541 U.S. 904.

Defendant does not assert that the Indictment fails to set fort the elements of the offense charged.  Rather, Defendant appears to be asking the Government to identify the key documents it will rely on at trial (i.e., an early exhibit list from the Government).  The indictment, taken together with the discovery already provided in this case, sufficiently apprises Defendant of the charges against him and will allow him to avoid surprise at trial.  And, as stated above, at the final pretrial conference this Court will issue an Order that contains a date for the parties to witness and exhibit lists.

Accordingly, the Court shall deny this motion.

**C.      Motion To Dismiss Count Three Of The Indictment**

Defendant Blaney also filed a motion seeking to dismiss Count Three of the Indictment, pursuant to FED. R. CRIM. PRO. 12(b)(3)(A)(B).  Blaney contends that while Count Three of the Indictment involves a mortgage loan purportedly funded by Washington Mutual, the discovery it

has received from the Government, and Defendant's own investigation, has revealed that the loan that is the subject of Count Three was not funded by Washington Mutual. Blaney contends that the loan that is the subject of Count Three was actually funded by another entity – Long Beach Mortgage Company – which is not a financial institution insured by the Federal Deposit Insurance Corporation and, as such, the Government cannot prove federally insured status of the institution, which is required for a conviction under 18 U.S.C. § 1344. Defendant further asserts that the "fact that Long Beach was a wholly owned subsidiary of a FDIC insured bank (specifically, [Washington Mutual]) is insufficient" to the meet the jurisdictional requirement of federally insured status.

Defendant Payton filed a notice indicating that he joins in this motion.

In response to the motion, the Government asserts that the motion is frivolous. It states that the motion must be denied because Defendants have not argued that Count Three of the Indictment is invalid on its face, but rather, challenges the factual allegations in Count Three.

While the Court ultimately agrees that this motion must be denied, it does not find the motion frivolous.

Federal Rule of Criminal Procedure 12(b) governs pretrial motions and provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." FED. R. CRIM. PRO. 12(b)(2).

The Sixth Circuit discussed Rule 12(b) motions in *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997):

> It is elementary that Rule 12(b) of the Federal Rules of Criminal Procedure permits pretrial consideration of any defense that "is capable of determination without the trial of the general issue." Courts usually say that a motion to dismiss is "capable of determination" before trial is it involves questions of law instead of

5

questions of fact on the merits of criminal liability.

> Normally, Rule 12(b) motions may appropriately raise for consideration such matters as 'former jeopardy, former conviction, former acquittal, *statute of limitations*, immunity [and] lack of jurisdiction. *United States v. Smith*, 866 F.2d 1092, 1096 n.3 (9th Cir. 1989) (emphasis added). District courts may ordinarily make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate factfinder.

*Id*. at 1126; *see also United States v. Jones*, 542 F.2d 661, 664-65 (6th Cir. 1976). "Thus, a defense is 'capable of determination' if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *Id*. at 665.

At the hearing, the Government stated that, at trial, it intends to establish that Washington Mutual funded the loan at issue in Count III.

In this motion, Defendant is asking the Court to: 1) make factual finding as to the entity that funded the loan at issue in Count III (i.e., was it Washington Mutual or Long Beach who funded the loan) and that entity's status relating to being federally-insured; and then 2), if the Court determines that Long Beach funded the loan and is merely a wholly-owned subsidiary of Washington Mutual, determine the legal issue of whether Long Beach's status is sufficient to be considered "federally insured" for purposes of Section 1344.

Based on the standard set forth above, the Court concludes that the factual findings the Court would have to make in order to reach the above legal issue would invade the province of the jury. The indictment alleges that Washington Mutual funded the loan at issue in Count III, and that it was a federally-insured entity, and the jury will make factual findings as to those issues. Accordingly, the Court shall deny this motion.

## CONCLUSION

For the reasons set forth above, IT IS ORDERED that Defendants' Motion for Additional Discovery and Motion for Additional Time to File Motions in Limine are DENIED AS MOOT.

IT IS FURTHER ORDERED that Defendant Blaney's Motion for Bill of Particulars is DENIED.

IT IS FURTHER ORDERED that Defendant Blaney's Motion to Dismiss Count Three of the Indictment is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  February 21, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 21, 2012, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager