UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                Criminal Case No. 11-20606

D-1 Gregg Blaney,                  Honorable Sean F. Cox

    Defendant.
_____/

## OPINION & ORDER DENYING
## DEFENDANT'S MOTION TO BE RELEASED ON BOND PENDING APPEAL

Defendant Gregg Blaney ("Blaney") pleaded guilty to Count Two of the Superseding Indictment, which charged bank fraud in violation of 18 U.S.C. § 1344. On April 19, 2013, this Court sentenced Blaney to be imprisoned for a total term of 37 months. The matter is currently before the Court on Blaney's motion seeking to be released on bond pending appeal. The Court finds that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without oral argument. For the reasons set forth below, the Court shall DENY Blaney's motion.

## BACKGROUND

Blaney pleaded guilty to Count Two of the Superseding Indictment, which charged bank fraud in violation of 18 U.S.C. § 1344.

This Court held a Sentencing Hearing on April 17, 2013. Based upon the parties' respective written submissions, and the evidence and oral argument presented at the hearing, the

1

Court issued a written Opinion & Order setting forth its decision on the issues of: 1) relevant conduct; and 2) amount of loss calculation. (*See* 4/18/13 Opinion & Order, Docket Entry No. 93). As set forth in more detail in that Opinion & Order, this Court concluded that the relevant conduct includes all twelve of the real estate transactions included in the Presentence Report. The Court further concluded that the reasonably foreseeable pecuniary harm in this case is the amount of the mortgage loans, which total $856,100.00. After applying appropriate credits for sales proceeds received by the defrauded lenders, and payments made on the mortgages, the adjusted total loss is $801,634.48, which resulted in a 14-point increase under U.S.S.G. § 2B1.1(b)(1).

Thereafter, on April 19, 2013, this Court sentenced Blaney. This Court sentenced Blaney to be imprisoned for a total term of 37 months. The Court also ordered that Blaney be on supervised release for a term of three years and imposed a fine and restitution. (*See* 4/30/13 Judgment, Docket Entry No. 96). The Court allowed Defendant to self-report to the Bureau of Prisons.

On April 30, 2013, Blaney filed a Notice of Appeal. (Docket Entry No. 94). On May 21, 2013, Defendant filed the instant "Motion For The Defendant Gregg Blaney To Be Released On Bond Pending Appeal." (Docket Entry No. 98). Blaney states that "the appeal concerning Mr. Blaney's sentence concerns the amount of loss incurred." (Def.'s Br. at 4).

## ANALYSIS

"The Bail Reform Act, 18 U.S.C. § 3143(b), creates a presumption against release pending appeal." *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). In overcoming this presumption, the burden of proof rests with the defendant. *United States v.*

*Pollard*, 778 F.2d 1177, 1181-82 (6th Cir. 1985).

"Title 18 U.S.C. § 3143(b) [The Bail Reform Act of 1984] requires a district court to make two findings before granting bail pending appeal." *Chilingirian*, 280 F.3d at 709. "To establish entitlement to release pending appeal," a defendant must first show "by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of another person or the community." *Id*. (citing 18 U.S.C. § 3143(b)(1)(A)). Second, the defendant must establish:

> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus expected duration of the appeal process.

18 U.S.C. § 3143(b)(1)(B).

As to the second showing, in order to determine if an appeal raises a substantial question of law or fact, a two-part test is applied in within the Sixth Circuit:

> To determine if an appeal raises a substantial question of law or fact, the Sixth Circuit applies the two-part test initially devised by the Eighth Circuit in *United States v. Powell*, 761 F.2d 1227 (8th Cir. 1985) (en banc). *Pollard*, 778 F.2d at 1181. A court first determines whether the question is "substantial" in the sense that it constitutes a "close question or one that could go either way." *Id.*; *see also United States v. Mikell,* No. 97-81493, 2007 U.S. Dist. LEXIS 4233, at *6, 2007 WL 188566 (E.D. Mich. Jan. 22, 2007) (Cleland, J.) ("Courts have also held that a substantial question is 'either a novel question, one that has not been decided by controlling precedent, or one which is fairly doubtful.'"). If the reviewing court finds that the question is "substantial," it must then assess whether the question "is so integral to the merits of the conviction ttat it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Pollard*, 778 F.2d at 1182.

*United States v. Safiedine*, 2012 WL 6725885 (E.D. Mich. 2012) (Duggan, J.).

Assuming *arguendo* that Blaney could establish that he is not likely to flee or pose a danger to others, this Court concludes that he has not met his burden as to the showing required under 18 U.S.C. § 1343(b)(1)(B). "[T]he appeal concerning Mr. Blaney's sentence concerns the amount of loss incurred." (Def.'s Br. at 4). In support of his motion, Blaney presents the same arguments that he previously made before this Court regarding the amount of loss. This Court concludes that its rulings as to relevant conduct and amount of loss were not "close calls" or issues that could have gone either way. Indeed, several of the arguments made by Blaney as to the amount of loss have already been expressly rejected by the Sixth Circuit.

Blaney has not established that his appeal raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence less than the expected duration of the appeal process.

## CONCLUSION & ORDER

IT IS ORDERED that Blaney's Motion seeking to be released on bond pending appeal is DENIED.

IT IS SO ORDERED.

                                                    S/Sean F. Cox
                                                    Sean F. Cox
                                                    United States District Judge

Dated: May 22, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on

May 22, 2013, by electronic and/or ordinary mail.

          S/Jennifer McCoy
          Case Manager